**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 20-cv-03016-RM

UNIFIRST CORPORATION, a Delaware corporation,

    Plaintiff,

v.

THE HEAT DEPOT, LLC, a Colorado limited liability company,

    Defendant.

---

## ORDER
---

    This matter is before the Court on Plaintiff's Motion for Entry of Final Default Judgment (ECF No. 15). After Defendant was served with process and a copy of the Petition to Confirm Arbitration Award and to Tax Attorney Fees (ECF No. 1) and failed to respond, Plaintiff moved for entry of default. The Clerk entered an Order of Default (ECF No. 14) on December 8, 2020, and Plaintiff still has not responded. For the reasons below, Plaintiff's Motion is granted.

**I.    LEGAL STANDARD**

    "[E]ven after entry of default, the Court must decide whether the unchallenged facts create a legitimate basis for entry of a judgment." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted).

## II.   BACKGROUND

According to the Petition, Defendant entered into a Customer Service Agreement with Plaintiff that includes an arbitration clause. (ECF No. 1 at ¶¶ 7, 8).  After Defendant breached the terms of the Agreement, Plaintiff filed an arbitration demand. (*Id.* at ¶¶ 9, 10.)  Defendant declined to participate in both the arbitrator selection process and the preliminary hearing. (*Id.* at ¶¶ 12, 14.)  Defendant later emailed Plaintiff and the American Arbitration Association, stating that it was no longer in business and that the Agreement was not signed by an individual authorized to bind Defendant. (*Id.* at ¶ 15.)  Despite its obvious notice of the arbitration proceeding, Defendant failed to appear at the final hearing. (*Id.* at ¶ 17.)  The arbitrator issued an award in Plaintiff's favor in the amount of $102,613.74. (*Id.* at ¶ 18.)

## III.   ANALYSIS

The Court first finds that the jurisdictional prerequisites for granting default judgment are satisfied in this case. (*See* ECF No. 21 (discharging order to show cause why the case should not be dismissed for lack of subject matter jurisdiction).)  Next, the Court finds that the well-pleaded allegations in the Petition constitute a legitimate basis for entry of a judgment.  Judicial review of arbitration awards is deferential and "among the narrowest known to law." *Mid Atl. Capital Corp. v. Bien*, 956 F.3d 1182, 1190 (10th Cir. 2020) (quotation omitted).  The Court discerns no obvious, significant mathematical errors that can be gleaned from the face of the arbitration award.  *See id.* at 1191 (holding that 29 U.S.C. § 11(a) does not permit a court to go beyond the face of the arbitration award in looking for an evident material miscalculation).  It is undisputed that Defendant now owes Plaintiff $109,091.04, and Plaintiff's efforts to collect the arbitration

have been halted through no fault of its own. Accordingly, the Court finds that Plaintiff is entitled to judgment in its favor.

## IV.   CONCLUSION

The Court GRANTS Plaintiff's Motion (ECF No. 15) and ORDERS that the Clerk enter Final Default Judgment for Plaintiff in the amount of $109,091.04.

DATED this 20th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge